IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LELAND KNAPP,<br><br>                    Plaintiff,<br><br>     vs.<br><br>NOVARTIS CONSUMER HEALTH, INC.,<br><br>                    Defendant. | 4:14CV3007<br><br>**MEMORANDUM AND ORDER** |

The plaintiff has moved to quash subpoenas the defendant intends to serve on Dr. Reddy's Laboratories, Ltd. located in Shreveport, Louisiana; Dr. Reddys Laboratories Louisiana LLC located in Bridgewater, New Jersey; Dr. Reddys Laboratories Louisiana LLC located in Princeton, New Jersey; and Union Pacific Railroad Company located in Omaha, Nebraska. (Filing No. 30).  The subpoenas seek production of "Leland Knapp's entire employment file, including copies of all wage, salary and benefit information, application(s), job performance appraisals, disciplinary records, correspondence, employment agreements or other contracts, severance agreements and any documents reflecting changes in Knapp's employment status." (Filing No. 34, 35, 36, and 37).  The plaintiff claims the proposed subpoenas demand disclosure of information that is irrelevant, privileged or confidential, and they impose an undue burden on the plaintiff for an improper purpose.[1]

The defendant argues Plaintiff's motion to quash must be denied because:

(1)   Plaintiff failed to comply with NECivR 45.1(b),

(2)   Plaintiff lacks standing to file a motion to quash under Rule 45 of the Federal Rules of Civil Procedure, and

(3)   the information sought is not privileged and is within the scope of permissible discovery under Rule 26(b).

---

[1] The plaintiff's motion also argued the proposed subpoenas to be served on Dr. Reddys were invalid as exceeding the geographical limits specified in Rule 45(c).  Even assuming the plaintiff has standing to raise this objection, the defendant has now amended the subpoenas to require production within 100 miles of the witness' locations.  Plaintiff's claims challenging the location of production are therefore moot.

(Filing No. 38, at CM/ECF p. 2).  For the reasons discussed below, the motion to quash will be denied.

## ANALYSIS

The plaintiff's complaint alleges his employment for the defendant was terminated based on age, national origin, and race; in retaliation for exercising his employment rights; and in violation of public policy.  His complaint seeks compensation for (among other things) lost wages and employee benefits, and for emotional distress.

After his employment for the defendant was terminated, the plaintiff worked for the proposed deponents, Dr. Reddys Laboratories (December 2012 through May 2013), and then Union Pacific.  (Filing Nos. 39-2, at CM/ECF p. 2; 39-3, at CM/ECF p. 2).  The plaintiff claims that despite this post-termination employment, he has experienced lost wages of "$111,384.00 annually since October 9, 2012, plus fringe benefits," and a loss of 401K benefits and prorated bonuses.  (Filing No. 39-2, at CM/ECF p. 4).

The plaintiff did not comply with Nebraska Civil Rule 45.1(b) before filing his motion to quash:  He did not serve written objections on the defendant within 10 days after receiving notice of the subpoenas, and he did not confer with the defendant before filing the motion.  The plaintiff's motion could be denied for that reason alone.  See Sampson v. Schenck, 2013 WL 1914805 (D. Neb. 2013) (Thalken, M.J.).

As to plaintiff's claims of privilege, by alleging and seeking recovery for lost wages and employee benefits, the plaintiff has placed at issue his post-termination efforts to obtain suitable replacement employment, his work performance at that employment, and the wages and benefits earned following his termination from Novartis.  See, e.g., Sellers v. Mineta, 358 F.3d 1058, 1063 (8th Cir. 2004); E.E.O.C. v. Woodmen of World Life Ins. Soc., 2007 WL 649298, 5 (D. Neb. 2007) (Thalken, M.J.).  The plaintiff's post-termination employment records could confirm,

refute, or undermine his damage claims. By raising those claims in this litigation, the plaintiff has waived any privilege as to those records.

As to the plaintiff's claim of burden, the plaintiff has not shown how the third party witnesses' compliance with the document subpoenas will burden the plaintiff, and he lacks standing to claim the subpoenas will burden the third party witnesses. "A party generally lacks standing to challenge a subpoena issued to a third party absent a claim of privilege, proprietary interest, or personal interest in the subpoenaed matter." Washington v. Thurgood Marshall Academy, 230 F.R.D. 18, 21 (D.D.C. 2005). "A motion to quash, or for a protective order, should generally be made by the person from whom the documents or things are requested." Id. (citing 9A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2459 (2d ed.1995)).

The defendant's proposed subpoenas seek relevant documents which are not privileged.

Accordingly,

IT IS ORDERED that the plaintiff's motion to quash, (Filing No. 30), is denied.

December 12, 2014.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.